James B. Barrows *vs.* Parker M. Sanborn.

Somerset.   Opinion October 4, 1915.

*Contract.        Deceit.        Fraud.        Newly Discovered Evidence.*
*Rescission.     Sale.*

1.  Where a plaintiff, in an action of deceit in the sale to him of a farm,
    bases his ground of action on the claim that a small tract of land of
    little value, and which was never owned by the grantor, was fraudulently
    represented to be a part of the property being sold, the oral evidence in
    support of such claim should be clear, strong and convincing, amounting
    to something more than a mere preponderance of proof.
And this rule is especially applicable where the only evidence of the alleged
    fraudulent representation is the testimony of the plaintiff who, previous
    to the transfer, visited the property and thereafter accepted a deed con-
    taining a clear and specific description by metes and bounds of the real
    estate thereby conveyed.
2.  From a careful study of the evidence presented at the trial, and inde-
    pendent of the evidence presented as newly discovered, the court is of the
    opinion that the plaintiff failed to prove by clear, strong and convincing
    evidence that the alleged fraudulent representation was made.

On motions by defendant.   New trial granted..

This is an action on the case for alleged deceit in the sale of a
farm situate in Skowhegan, in Somerset county.   Plea, the general
issue.   The jury returned a verdict for the plaintiff.   The defendant
filed a general motion for a new trial, and also a motion for a new
trial on the ground of newly discovered evidence.

The case is stated in the opinion.

*Merrill & Merrill,* for plaintiff.

*George W. Gower,* for defendant.

Sitting:  Savage, C. J., Spear, King, Bird, Haley, Hanson, JJ.

King, J.   Action for alleged deceit in the sale of a farm.   The
case comes up on defendant's motions for a new trial; one, the
usual motion on the ground that the verdict is against the weight of

the evidence, and the other on the ground of newly discovered evidence.

The claim set up by the plaintiff is that he was defrauded in the purchase of the farm in that the defendant's deed of conveyance to him did not include a small piece of land within the limits of the boundary lines of the farm which he says the defendant's agent pointed out to him. The piece in question is a small tract of less than an acre, and of little value, which a former owner had conveyed to an adjoining owner out of the extreme northeasterly corner of the original farm. It was never owned or claimed by the defendant, having been expressly excepted by metes and bounds from the deed to him given between three and four years previous. The following sketch indicates the location of the small piece and its relation to the property conveyed.

The plaintiff and his friend Eli C. Carpenter came to Skowhegan in the late afternoon of October 9, 1912, and consulted the Strout Agency as to the purchase of farms. Early the next morning they, together with Warren Swain and Shepherd Swain who represented the Agency, drove out to the defendant's farm. The plaintiff and Warren Swain rode in one team and Mr. Carpenter and Shepherd Swain in another. They came by the Back road on the westerly side of the main part of the farm, and the plaintiff testified that Warren Swain with whom he was riding did not stop his team at the farm buildings but continued up the Bloomfield road towards the easterly line of the lot and said that line "comes right up by that stone wall and continues right across and strikes that other stone wall by an elm tree;" that they were up there perhaps two minutes and then turned and came back to the defendant's dooryard where Mr. Carpenter and Shepherd Swain were and where the plaintiff met the defendant for the first time. After looking over the buildings the plaintiff decided to purchase the property, and thereafter he and the defendant, at the latter's suggestion, went out to see the wood lot situated westerly of the Back road. The plaintiff does not claim that any of the other boundary lines or corners of the property were specifically pointed out to him or that he particularly looked for them except so far as he examined the wood lot. On the afternoon of the same day the parties met in the office of Butler & Butler, attorneys in Skowhegan when and where the defendant produced his deed and directed the attorneys to prepare a deed of the same property from him to the plaintiff (including also the wood lot on the west side of the Back road) and such a deed was drawn, executed and delivered.

The plaintiff testified that he first learned that Dr. Stevens owned the small lot in question the next spring and then spoke to the defendant about it, but when asked if he made any complaint about it at that time, he said, "No, not to amount to anything. I asked him how much there was sold off there, and he said he didn't know." The plaintiff took no action to rescind the contract on the ground of the alleged fraudulent representation, but retained it with its profits and advantages, and now after nearly two years brings this action seeking to recover damages for the alleged deceit.

In *Parlin* v. *Small,* 68 Maine, 289, 291, a case, like the one at bar, for deceit in the sale of a farm on the ground that the boundaries pointed out embraced a small lot that was not in fact included in the conveyance, having been previously sold off, the court, by Peters, J., said: "It (a deed) should not be battered down for alleged deceits and misunderstandings, unless the proof of them is clearly and abundantly established. The plaintiff must prevail, not only on a preponderance of evidence, but such preponderance must be based upon testimony that is clear and strong, satisfactory and convincing."

The material issue at the trial of the case at bar was whether Warren Swain, who was the defendant's agent in the sale of the farm, drove the plaintiff by the defendant's buildings without stopping and up the Bloomfield road to the east line and made the fraudulent representation as claimed by the plaintiff, for it was not contended that the representation was made by anyone other than Warren Swain, nor by him at any other time.

The plaintiff introduced no evidence in support of that issue except his own testimony. On the other hand Warren Swain positively denied it, and Shepherd Swain, Mr. Sanborn, and Mrs. Sanborn each testified that Warren Swain and the plaintiff did not drive up the Bloomfield road as the plaintiff claimed, but that both teams turned into the dooryard at the same time. The circumstances disclosed also strongly tend, we think, against the plaintiff's claim that Warren Swain drove right by the owner's house, without stopping to present the prospective purchaser, and pointed out to him a specific line and corner of the property though not asked to do so. It seems unreasonable that Mr. Swain would have done that, and quite incredible that he did do it in view of his testimony that he had no knowledge of the true line or corner. There was testimony tending to show that when they returned to Skowhegan from the property they came by the Bloomfield road, and that circumstance may account for a mistaken belief on the plaintiff's part that he rode up to the east line before stopping at the buildings.

From a careful study of the evidence presented at the trial, and independent of the evidence presented as newly discovered, the court is of opinion that the plaintiff did not by a preponderance

of testimony clearly and abundantly prove that the alleged fraudulent representation was made.

Accordingly the entry must be,

*New trial granted.*